JAMES F. MCCLUSKEY and J. D. COLLINS, plaintiffs in error, vs. THOMAS W. BROCK and NATHANIEL A. MCLANE, defendants in error.

The giving of a bail-bond, with security, for appearance to answer a charge of felony or other crime, does not exempt the party from the performance of military service whenever required, although such military service might make an appearance impossible.

*Habeas Corpus.* Decided by Judge RICHARD H. CLARK, at Chambers, February 1865.

The defendants in error were enlisted soldiers serving in the Georgia Reserves, and while so serving, were arrested upon charges of felony, and recognized to appear at the Superior Court of Sumter county, to answer these charges. Whilst out on the recognizances, they were ordered back into their companies; and having returned accordingly, and resumed military duty, they sued out writs of *habeas corpus* against the company officers, the plaintiffs in error, to be discharged. Judge Clark, by consent of parties, heard both cases together. He passed a judgment of discharge; and this judgment was excepted to by the officers as erroneous.

HALL, for plaintiffs in error.

N. A. SMITH, for defendants.

LYON, J.

The discharge of the defendants by the Court below, is in conflict with the decision of this Court in *Alford vs. Irwin* tried at Milledgeville, November Term, 1864. The identical question made by this record, was settled in that case; that is, one who has given bond and security for his appearance at Court, to answer a charge of felony or other crime, must, nevertheless, perform military service when required. It is true that these defendants were bound for their appearance at Court, and that contract must be performed, if it is capable of being performed and legally may be. But when the policy of the State interferes and prevents the performance, the party will be excused.—*Toutong vs. Hubbard ; Bos. & Pul.* 301. The general rule by which Courts are governed, in the exercise of an equitable interference in these cases, is said to be this: that wherever, by the act of the law, a total impossibility or temporary impracticability to render a defendant, has been occasioned, the Courts will relieve the bail from the unforseen consequences of having become bound for a party whose condition has become so changed, by operation of law, as to put it out of their power to perform the alternative of their obligation, without any laches, default, or possible collusion on their part.—13 *Price* 529; *in note,* 1 *Tidd's Pr.* 293. I state this as the general rule on the subject where the bail had been given before the party was placed, by operation of law, in a condition that might render the performance of his obligation impossible; but here, the parties entered into this obligation with a full knowledge of the duties to be performed that might conflict with their full performance, and for them there is no excuse. In this, as well as in all other cases of like character, if the legal disability to the performance of the condition of the bond ceases before a performance is required, and it is possible to perform it then, that must be done, or the penalty will be enforced.—*Hadley vs. Clarke,* 8 *T. R.* 259; 13 *Price* 525; 1 *Tidd's Pr.* 293.